UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LEE ANDREW JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 11 C 50294 ) |
| NURSE PRACTITIONER SUZY And NURSE JILL | ) Judge Frederick J. Kapala ) Magistrate Judge P. Michael Mahoney ) |
| Defendants. | ) ) |

## ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES

The Defendant, JILL RUSK, (hereinafter referred to as "Rusk") incorrectly sued herein as "NURSE JILL", by and through her attorney, Louis A. Varchetto, states the following in answer to the Amended Complaint of LEE ANDREW JOHNSON:

I. Rusk admits the allegations set forth in Paragraph I.

II. Rusk makes no answer to the allegations set forth in subparagraphs A. and C. of Paragraph II, and with regard to subparagraph B., denies that her place of employment is the Winnebago County Jail.

III. Rusk makes no answer to the allegations set forth in Paragraph III, as there are no allegations in that section pertaining to said defendant.

IV.

1. Rusk admits the allegations set forth in Part IV Paragraph One IV of Plaintiff's Amended Complaint.

2. Rusk admits the allegations set forth in Part IV Paragraph Two of Plaintiff's Amended Complaint.

3. Rusk denies that the allegations set forth in Part IV Paragraph Three of Plaintiff's Amended Complaint fully and accurately set forth the Defendant's employer. In further answering, the Defendant admits that she was employed by the University of Illinois College of Medicine, which required her to provide nursing services at the Winnebago County Justice Center.

4. Rusk admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Justice Center, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same.

5. Rusk admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Justice Center, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same.

6. Rusk has insufficient information to form an opinion as to the truth or falsity of the allegations set forth in Paragraph Six of Plaintiff's Amended Complaint and neither admits nor denies the same, but demands proof thereof.

7. Rusk admits that an X-Ray of the Plaintiff's hand was performed on June 9, 2010. Rusk further admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Justice Center, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same.

8. Rusk admits that an X-Ray of the Plaintiff's hand was performed on June 9, 2010. Rusk further admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Justice Center, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same.

9. Rusk admits that an X-Ray of the Plaintiff's hand was performed on June 9, 2010. Rusk further admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Jail, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same.

10. Rusk admits that an X-Ray of the Plaintiff's hand was performed on June 9, 2010. Rusk has insufficient information to form an opinion as to the truth or falsity of the allegations set forth by the Plaintiff regarding where he was taken after he left the Medical Department and neither admits nor denies the same, but demands proof thereof. Rusk denies any and all other allegations set forth in Part IV, Paragraph Ten of Plaintiff's Amended Complaint.

11. Rusk has insufficient information to form an opinion as to the truth or falsity of the allegations set forth in Part IV, Paragraph Eleven of Plaintiff's Amended Complaint and neither admits nor denies the same, but demands proof thereof.

12. Rusk has insufficient information to form an opinion as to the truth or falsity of the allegations set forth in Part IV Paragraph Twelve of Plaintiff's Amended Complaint and neither admits nor denies the same, but demands proof thereof.

13. Rusk has insufficient information to form an opinion as to the truth or falsity of the allegations set forth in Part IV Paragraph Thirteen of Plaintiff's Amended Complaint and neither admits nor denies the same, but demands proof thereof.

14. Rusk admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Justice Center, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same. Furthermore, Rusk has insufficient information to form an opinion as to the truth or

falsity regarding Plaintiff's allegations set forth in Part IV Paragraph Fourteen of Plaintiff's Amended Complaint regarding the Plaintiff's subjective opinions of the pain he was allegedly experiencing or the medical attention he was receiving and neither admits nor denies the same, but demands proof thereof.

15. Rusk has insufficient information to form an opinion as to the truth or falsity regarding Plaintiff's allegations set forth in Part IV Paragraph Fifteen of Plaintiff's Amended Complaint regarding inquiries made to security or medical staff and neither admits nor denies the same, but demands proof thereof. Rusk further denies that the allegations set forth in Part IV Paragraph Fifteen of Plaintiff's Amended Complaint fully and accurately set forth the treatment provided to the Plaintiff. In further answering, the Plaintiff's injuries were treated by Rusk with the utmost good faith according to her professional judgment.

16. Rusk admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Jail, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same. In further answering, Rusk did provide the Plaintiff with treatment for alleged injury, including administering pain medication, providing ice and an ACE wrap, and scheduling an orthopedic consultation for the injuries described by the Plaintiff in his Amended Complaint.

17. Rusk denies that the allegations set forth in Part IV Paragraph Seventeen of Plaintiff's Amended Complaint fully and accurately set forth any conversation between the Plaintiff and Rusk. In further answering, the Rusk did provide the Plaintiff with treatment for alleged injury, including administering pain medication, providing ice

and an ACE wrap, and scheduling an orthopedic consultation for the injuries described by the Plaintiff in his Amended Complaint.

18. Rusk denies that the allegations set forth in Part IV Paragraph Eighteen of Plaintiff's Amended Complaint fully and accurately set forth any conversation between the Plaintiff and Rusk. In further answering, Rusk did provide the Plaintiff with treatment for alleged injury, including administering pain medication, providing ice and an ACE wrap, and scheduling an orthopedic consultation for the injuries described by the Plaintiff in his Amended Complaint.

19. Rusk has insufficient information to form an opinion as to the truth or falsity regarding Plaintiff's allegations set forth in Part IV Paragraph Fifteen of Plaintiff's Second Amended Complaint regarding inquiries made to security or medical staff and neither admits nor denies the same, but demands proof thereof.

20. Rusk admits that on June 24, 2010, the Plaintiff was taken to St. Anthony's Orthopedic Center for an orthopedic consultation with Dr. Schwartz. Rusk further denies that this was the first time in which the Plaintiff received medical treatment for his alleged injuries. In further answering, Rusk provided the Plaintiff with adequate medical treatment based on her professional judgment beginning on June 9, 2010, including administering the Plaintiff pain medication, providing him with ice and an ACE bandage, performing an X-Ray, and scheduling an orthopedic consultation for the Plaintiff.

21. Rusk admits that the Plaintiff was examined by Dr. Schwartz, and that the Plaintiff's fourth metacarpal on his right hand did sustain an injury. Rusk further denies

5

that there was any delay in treating the Plaintiff's alleged injury, or that said delay caused the Plaintiff's bone to heal irregularly.

22. Rusk admits the allegations to the extent they are consistent with the medical records of Plaintiff from the Winnebago County Jail, and to the extent the allegations are inconsistent with the medical records, Rusk denies the same.

23. Rusk has insufficient information to form an opinion as to the truth or falsity regarding Plaintiff's allegations set forth in Part IV Paragraph Twenty-Three of Plaintiff's Amended Complaint regarding conversations the Plaintiff had with unknown defendant, but demands proof thereof. Rusk further denies the Plaintiff incurred any delay in reasonable medical treatment or pain medication.

24. Rusk has insufficient information to form an opinion as to the truth or falsity regarding Plaintiff's allegations set forth in Part IV Paragraph Twenty-Four of Plaintiff's Amended Complaint regarding conversations the Plaintiff had with unknown defendant, but demands proof thereof. Rusk further denies the Plaintiff incurred any delay in reasonable medical treatment or pain medication.

25. Rusk admits that the Plaintiff's cast was removed by Dr. Schwartz during a follow-up orthopedic consultation. Rusk further denies that the Plaintiff's hand was or is now visibly disfigured or disabled.

26. Rusk denies the allegations set forth in Part IV Paragraph Sixteen of Plaintiff's Second Amended Complaint, as they call for a legal conclusion.

27. Rusk denies the allegations set forth in Part IV Paragraph Sixteen of Plaintiff's Second Amended Complaint, as they call for a legal conclusion.

28. Rusk denies the allegations set forth in Part IV Paragraph Sixteen of Plaintiff's Second Amended Complaint, as they call for a legal conclusion.

V. Rusk denies that the Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", states the following as her First Affirmative Defense to the Plaintiff's Amended Complaint:

1. The allegations against this Defendant amount to nothing more than alleged negligent medical care for which liability cannot be imposed under 42 U.S.C. 1983, or the Eighth or Fourteenth Amendments to the Constitution.

WHEREFORE, the Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL," prays for judgment in her favor and against the Plaintiff plus costs.

### SECOND AFFIRMATIVE DEFENSE

The Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", states the following as her Second Affirmative Defense to the Plaintiff's Amended Complaint:

1. This Defendant was not involved in state action nor acting under color of state law at anytime relevant to the allegations of Plaintiff's Complaint.

WHEREFORE, the Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", prays for judgment in her favor and against the Plaintiff plus costs.

### THIRD AFFIRMATIVE DEFENSE

The Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", states the following as her Third Affirmative Defense to the Plaintiff's Amended Complaint:

1. All of the medical care rendered to the Plaintiff, LEE ANDREW JOHNSON, and judgments made concerning that medical care by this Defendant was

performed with the utmost good faith and the honest exercise of the discretionary powers confided in said Defendant.

WHEREFORE, the Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", prays for judgment in her favor and against the Plaintiff plus costs.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", states the following as her Fourth Affirmative Defense to the Plaintiff's Complaint:

1. Plaintiff's Complaint alleges this Defendant was guilty of healing art malpractice and simple negligence.

2. As such, 735 ILCS 5/2-622 requires the Complaint to be accompanied by an Affidavit and Certificate of Merit by a reviewing healthcare professional that there is a meritorious cause of action.

3. The Complaint fails to attach the documents required by 735 ILCS 5/2-622, and therefore fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendant, JILL RUSK, incorrectly sued herein as "NURSE JILL", prays for judgment in her favor and against the Plaintiff plus costs.

Respectfully Submitted,

**JILL RUSK incorrectly sued as "NURSE JILL"**

s/Louis A. Varchetto
Attorneys for Defendant
Louis A. Varchetto
IL Bar No. 3125565
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL 60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
E-mail: lvarchetto@mrvlaw.com

## CERTIFICATE OF SERVICE

I, Louis A. Varchetto, an attorney, do hereby certify that on February 21, 2012, I electronically filed **Defendant, JILL RUSK's Answer to Complaint & Affirmative Defenses,** with the Clerk of the United States District court, Northern District of Illinois, Eastern Division, using the CM/EFC system, which will send notification of such filings to the following registered participants via regular mail:

Mr. Lee Andrew Johnson
Inmate No.: R10382
Pickneyville Correctional Center
P.O. Box 999
Pickneyville, IL 62274

                                      s/Louis A. Varchetto
                                      Attorneys for Defendants
                                      IL Bar No. 3125565
                                      MULHERIN, REHFELDT & VARCHETTO, P.C.
                                      211 S. Wheaton Ave., Suite 200
                                      Wheaton, IL 60187
                                      Telephone:(630) 653-9300
                                      Fax: (630) 653-9316
                                      E-mail: lvarchetto@mrvlaw.com