# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50294 | **DATE** | 2/4/2013 |
| **CASE TITLE** | Johnson v. Winnebago County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant University of Illinois College of Medicine's uncontested motion to dismiss [53] is granted. Defendant Bales' motion to dismiss for failure to state a claim [84] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

　　　　Plaintiff, Lee Andrew Johnson, sued defendants, including Winnebago County, the Winnebago County Sheriff, the University of Illinois College of Medicine at Rockford (the "University"), Dr. Robert Bales, and other assorted correctional and medical staff of the jail, alleging that defendants were deliberately indifferent to a serious medical condition—a broken hand—while plaintiff was a pretrial detainee at the Winnebago County Jail. Before the court is an unopposed motion to dismiss filed by the Board of Trustees of the University based on Eleventh Amendment sovereign immunity. The court grants the University's motion. Also before the court is Dr. Bales' motion to dismiss for failure to state a claim based on the statute of limitations. For the reasons set out below, the court denies Dr. Bales' motion.

## I. BACKGROUND

　　　　According to Johnson's second amended complaint, on June 9, 2010, Johnson injured his hand during an altercation with another inmate at the Winnebago County Jail. Alternatively, Johnson alleges that his hand was injured when the corrections officers intervened to stop the altercation. Nevertheless, Johnson was segregated from the jail's general population and, after complaining about his injured hand, was examined by a nurse from the jail, which Johnson believes was defendant Jill Rusk. Thereafter, Dr. Bales referred Johnson for an x-ray, which was completed at the jail's medical center. The results indicated that Johnson had suffered a broken hand. Johnson alleges that all of these things happened, including receiving the results, on June 9, 2010. However, Johnson alleges that it was "more than two weeks" before he was informed that his hand was broken and that he went without treatment during that same time frame except for some over-the-counter pain medication. Johnson alleges that the delay in treating his broken hand caused the hand to begin healing incorrectly, resulting in permanent disfigurement and a loss of strength and motion in the hand.

　　　　Based on these facts, Johnson filed a pro se complaint on October 11, 2011 alleging that the jail and some of its staff were deliberately indifferent to a serious medical need under 42 U.S.C. § 1983. Johnson filed an amended pro se complaint on December 9, 2011, adding an additional defendant and providing greater detail. Finally, Johnson filed a second amended complaint, this time submitted by counsel, on June 29, 2012, and included, for the first time, Dr. Bales as a defendant. Thereafter, Dr. Bales filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the statute of limitations, arguing that the two year statute of

limitations expired prior to June 29, 2012.

## II. ANALYSIS

When deciding a defendant's motion to dismiss, a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

The Seventh Circuit has warned that it is "irregular to dismiss a claim as untimely under Rule 12(b)(6)." Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (quotation marks omitted). This is because a plaintiff is under no duty to anticipate affirmative defenses, like a statute of limitations defense, and thus may not have pled all of the facts necessary to establish one of the many exceptions to the defense. Id.; see also Richards v. Mitcheff, 696 F.3d 635, 637-38 (7th Cir. 2012). Only where the complaint establishes an "airtight" or "impenetrable" defense as to what would otherwise be a good claim can a defendant succeed in having a claim dismissed at the Rule 12 stage based on an affirmative defense. Richards, 696 F.3d at 637-38. Here, that has not occurred.

Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. Id. at 637. Illinois has a two year statute of limitation on personal injury claims. See 735 ILCS 5/13-202. Dr. Bales argues that Johnson was injured on June 9, 2010, and did not include Dr. Bales until the second amended complaint on June 29, 2012, so that Johnson was twenty days outside of the statute of limitations. However, federal law defines when a claim accrues and that two year time frame begins, and the "federal rule for medical errors is that a claim accrues when a person knows his injury and its cause." Richards, F.3d at 637. The complaint states that Johnson was unaware of the nature of his injury until "more than two weeks" after June 9, 2010, which could be after June 29, 2010.[1] Because the accrual date could be after June 29, 2010 under the complaint's allegations, the complaint filed on June 29, 2012 is not necessarily untimely. Again, Johnson is under no obligation to anticipate and disprove Dr. Bales' affirmative defense in his complaint.

Additionally, Illinois provides that a statute of limitations is tolled where a statutory prohibition prevents filing a lawsuit. 735 ILCS 5/13-216. Before a prisoner may file a suit under § 1983 he must first exhaust his administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Illinois has a series of administrative grievance procedures that an inmate is obligated to follow. See Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001) (applying § 1997e(a) to toll a statute of limitations under Illinois law for a prisoner's § 1983 suit). Therefore, Johnson is eligible to receive tolling for the time period necessary to exhaust the administrative remedies[2] and the complaint lacks sufficient allegations to determine how much tolling Johnson is entitled to. Because it is plausible to assume that the administrative process took more than twenty days, and because Johnson is under no obligation to anticipate and disprove Dr. Bales' affirmative defense by including this information in his complaint, the complaint does not set out an "airtight" or "impenetrable" defense such that dismissal is warranted at the Rule 12 stage. See Richards, 696 F.3d at 637-38.

Of course, should discovery disclose that Johnson's cause of action accrued sometime prior to June 29, 2010 and that the tolling Johnson would otherwise be eligible for does not bring the filing within the two year statute of limitations, Dr. Bales may file a motion for summary judgment on this ground. Nevertheless, the motion to dismiss based on Rule 12(b)(6) is denied.

1. Dr. Bales attempts to establish the date that Johnson became aware of the nature of injury as either June 23 or 25, 2010 by pointing to Johnson's previous complaints and Johnson's medical records attached to the motion to dismiss. However, the court may not consider either the allegations in the superceded complaints, see McNeal v. Cook Cnty. Sheriff's Dep't, 282 F. Supp. 2d 865, 867 (N.D. Ill. 2003) ("It is well-established that an amended complaint supercedes an original complaint, and facts or admissions from the original complaint not incorporated into the amended complaint cannot be considered on a motion to dismiss."), or references to extraneous materials not included in the instant complaint when considering a motion to dismiss under Rule 12(b)(6), see Fed. R. Civ. P. 12(b)(6).

2. The other side of this concern is also true: if Johnson is not eligible for tolling because he failed to exhaust his administrative remedies prior to seeking relief from this court, Johnson's suit will be foreclosed under § 1997e(a) regardless of timeliness concerns. That argument, however, is not before this court at this time.